{¶ 37} I respectfully dissent from my learned colleagues in the majority. There is significant evidence in the record demonstrating that both parties were aware of the contract terms and agreed to them. I believe the evidence demonstrates that there was a meeting of the minds, and the terms were not unconscionable.
 {¶ 38} In construing any written instrument, the primary and paramount objective is to ascertain the intent of the parties. The general rule is that contracts should be construed so as to give effect to the intention of the parties. Where the parties, following negotiations, make mutual promises which thereafter are integrated into an unambiguous written contract, duly signed by them, courts will give effect to the parties' expressed intentions. Intentions not expressed in the writing are deemed to have no existence and may not be shown by parol evidence. There can be no implied covenant in a contract in relation to any matter that is specifically covered by the written terms of the contract. AultmanHospital Assn. v. Community Mut Ins. Co. (1989), 46 Ohio St.3d 51.
 {¶ 39} In the case at bar, the contact provided the following: "You agree immediately to discontinue the attempt to use the tent should it * * * become unsafe or in a state of disrepair, and will immediately (one hour or less) notify Tents for You of the facts." The contract terms were clear, and there is nothing in the contract that *Page 12 
would rise to the level of unconscionability. The contract provisions were fair and reasonable.
 {¶ 40} Accordingly, I would reverse and remand. *Page 1